UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,

v.  CASE NO: 8:10-CR-419-T-30TGW

STEVEN H. BYLE,

    Defendant.
_____/

**ORDER**

THIS CAUSE comes before the Court upon Defendant Byle's Motion to Reconsider Denial of Motion to Suppress (Dkt. #102) and Supplemental Motion to Suppress (Dkt. #98). Byle asks this Court to reconsider its adoption of the Magistrate's Report and Recommendation denying his motion to suppress. His arguments are set forth both in the Motion to Reconsider and in his Supplemental Motion which the Court will consider as a part of the Motion to Consider. At bottom, he contends the testimony of the law enforcement officers upon which the report is based was not credible.

All four law enforcement officers testified that they could smell the odor of marijuana coming from Byle's house while standing in the driveway twelve feet from the front door. Byle argues: "(t)he Court seems to believe that they smelled marijuana from Mr. Byle's home all the way in this driveway – a simply impossible feat." Paragraph 5, Motion to Reconsider, Dkt. #102. In support, Byle points out that the officers did not remember the blooming confederate jasmine on the fence to the left of the aluminum gate twelve feet from

the front door of the house, did not remember smelling confederate jasmine, and his olfactory expert is prepared to testify "that if the detectives were unable to detect the odor of jasmine that day, then their ability to smell lesser odors would be, to say the least, highly suspect."

The officers responded to Byle's home because of a tip they had received that it was a possible marijuana grow house. That is, they were there because of a report of marijuana and their expectation was that they might find marijuana. Their testimony was that they smelled marijuana, but did not recall seeing or smelling confederate jasmine. That does not mean that confederate jasmine was not there in full bloom. It is not unusual for one to remember only the thing upon which one is focused at the time.

For the purpose of considering Byle's Motions, the Court will assume that the confederate jasmine was in full bloom on the day the detectives were in his driveway, twelve feet from his front door. That does not mean that the testimony of four sworn law enforcement officers is false. And the expert's testimony that _if_ the officers could not smell confederate jasmine, they could not smell marijuana, is specifically contingent upon the officers' ability to smell confederate jasmine – not their recollection of whether it was present and its odor ignored or not remembered. The testimony of an olfactory expert, who has never stood twelve feet from a house which contains a marijuana grow operation, that would testify about the strength of the odor emanating therefrom, is not sufficiently strong to have this Court reconsider or rehear the Motion.

In short, the finder of fact in this case determined the testimony of the four law enforcement officers that they smelled marijuana, and the testimony of three of them that the

dog alerted to the house, to be credible.  Contrary to Byle's contention, the presence of confederate jasmine in full bloom and the fact the four officers were standing twelve feet from the front door of the house do not overcome the factual finding of the Magistrate Judge. The testimony of the four officers that they smelled marijuana that they thought came from the house is sufficient probable cause to support the search warrant.

It is therefore ORDERED AND ADJUDGED that Defendant Byle's Motion to Reconsider Denial of Motion to Suppress (Dkt. #102) and the Supplemental Motion (Dkt. #98) which is considered as a part are DENIED.

**DONE** and **ORDERED** in Tampa, Florida on June 16, 2011.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to**:
Counsel/Parties of Record

F:\Docs\2010\10-cr-419.reconsider 102.wpd